**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| James A. Wilson,<br><br>     Plaintiff,<br><br>v.<br><br>National Bikers Roundup Inc.,<br>Columbia SC Roundup Committee,<br>Rozell Nunn d/b/a R&R Enterprise, and<br>Rozell Nunn, individually,<br><br>     Defendants. | C.A. No.:  3:15-cv-04862-MGL<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff James A. Wilson ("Wilson"), alleges the following against defendants National Bikers Roundup Inc. ("NBR"), Columbia SC Roundup Committee (CRC"), and R&R Enterprise ("R&R"), and Rozell Nunn ("Nunn") (collectively, the "Defendants"):

**JURISDICTION / VENUE**

1. This is an action at law and in equity for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq*. Pursuant to 28 U.S.C. §1338(a), this Court has exclusive jurisdiction over the subject matter of these claims.

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. §1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. §1331 inasmuch as this claim arises under the copyright laws of the United States.

3. Further, Defendants are subject to the personal jurisdiction of this Court because they solicit and/or transact business in this district on a regular basis, because acts complained

of herein occurred and are occurring in this district, and because the defendants' conduct has caused injury in this district.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) because Columbia SC Roundup Committee resides in and may be found in this district.

## PARTIES

5. Wilson is an individual residing in Spartanburg, South Carolina.

6. Upon information and belief, NBR is a Georgia Non-profit Corporation with its principal place of business in Riverdale, Georgia.

7. Upon information and belief, CRC is a South Carolina Non-profit Corporation with its principal place of business in Columbia, South Carolina.

8. Upon information and belief, R&R is an unincorporated entity owned and operated by Nunn with its principal place of business in Riverdale, Georgia.

9. Nunn is an individual residing in Riverdale, Georgia.

## INTRODUCTORY FACTS

10. Wilson is a retired South Carolina educator with experience as a freelance writer, photographer, and graphic artist.

11. NBR is a large festival event organized by a group of motorcycle clubs throughout the United States. The event is held annually over the course of five days.

12. Each year the event is held in a different location around the United States and includes activities for a broad audience ranging from camping, exhibitions, parades, stunt shows, live entertainment, and motorcycle racing.

13. The 2015 event was held in Darlington, South Carolina on August 5, 2015 through

August 9, 2015.

14. In preparation for the event, NBR coordinates planning with members located in the state designated for the event location. For the 2015, CRC coordinated the planning and preparation for the event with NBR.

15. As part of the preparation for the 2015 event, NBR and CRC desired to have a graphic design for the "official" souvenir items to commemorate the event.

16. In or about February of 2015, Wilson created an original graphic design (the "Wilson Design") for presentation to NBR and CRC for their consideration of the Wilson Design for use with the souvenir items for the 2015 event. A copy of the Wilson Design is attached hereto as Exhibit A.

17. Shortly thereafter, Wilson submitted a proposal to NBR and CRC seeking their approval of the Wilson Design for use with the official souvenir items.

18. Nunn was an integral part in the organization and planning for the 2015 event including NBR's and CRC's process of approving the official design for the event souvenirs.

19. In or about April of 2015, Wilson was notified by NBR and CRC that the "Wilson Design" was approved as the official design to commemorate the 2015 event.

20. In or about June of 2015, Wilson made additional inquiries to NBR and CRC regarding the approval of the Wilson Design to commemorate the event and the process for producing any items using the Wilson Design, including invoicing and payment procedures.

21. Shortly thereafter, NBR and CRC notified Wilson that they had not appropriately approved the Wilson Design and that the Wilson Design would not be used on any

souvenir items, commemorating the 2015 event.

22. Upon information and belief, NBR and CRC contracted with R&R to produce shirts that included prominent elements of the Wilson Design for the official event commemorative shirts and sold the shirts during the 2015 event held in Darlington, South Carolina.

23. The shirts produced and sold are copies or derivatives of Wilson's copyrighted works. Photographs of the infringing shirts are attached hereto as Exhibit B.

24. Defendants had access to the Wilson Design.

25. The Wilson Design contains material wholly original to Wilson that is copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

26. At all times relevant to this action, Wilson has been the sole owner of all right, title and interest in and to the copyrights in the Wilson Design and drawings depicting such works, as more fully detailed below, as well as the causes of action for infringement of such copyrights.

27. Defendants have been engaged, at least in part, in the business of creating, publishing, distributing, marketing, advertising, and/or selling souvenir items including, but not limited to shirts, related to the annual National Bikers Roundup event.

## **WORKS AT ISSUE IN THIS CASE**

28. Wilson has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976), and all other United States laws governing copyrights, and is the owner of the exclusive rights and privileges in and to the copyrights to the Wilson Design, a graphic design work of visual arts, Reg. No. VA 1-976-227 (attached as Exhibit C).

29. Wilson is the owner of valid copyrights in the works described above, and the copyrights

in such works have been registered with the United States Copyright Office. As such, Wilson's copyrights in the above-described works are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

30. Defendants have produced and sold (or caused to be produced and sold) shirts that embody copies or derivatives of the Wilson Design.

31. Wilson generally avers that all conditions precedent to his rights of recovery have occurred or have been performed.

## COPYRIGHT INFRINGEMENT

32. Wilson is the owner of valid copyrights in the works described above, and the copyrights in such works have been registered with the United States Copyright Office.

33. Defendants have violated Wilson's exclusive rights by reproducing, creating derivatives, and/or selling shirts including substantial parts of the Wilson Design.

34. As a direct and proximate result of the defendants' wrongful conduct, Wilson has been damaged.

35. Defendants' infringement of Wilson's copyrights has been and continues to be committed willfully.

36. Pursuant to 17 U.S.C. §504(b), Wilson is entitled to recover his actual damages from Defendants, plus damages in the form of all of Defendants' profits attributable to the infringements.

37. Alternatively, pursuant to 17 U.S.C. §504(c), Wilson is entitled to recover statutory damages for his works that have been infringed.

38. Pursuant to 17 U.S.C. §502, Wilson is entitled to preliminary and permanent injunctive relief against Defendants prohibiting any further copying, use, or distribution of any of the works described above.

39. Pursuant to 17 U.S.C. §503(b), Wilson is entitled to an order that all copies of the works described above that are found to have been made in violation of his exclusive rights be destroyed or otherwise removed from the stream of commerce.

40. Wilson is entitled to an award of his reasonable attorneys' fees, costs of court, and post-judgment interest at the highest legal rate.

## RELIEF SOUGHT

**WHEREFORE**, Wilson prays that this honorable Court do the following as to defendants National Bikers Roundup Inc., Columbia SC Roundup Committee, and R&R Enterprise, and Rozell Nunn:

1. Permanently enjoin and restrain these defendants, their officers, directors, principals, agents, servants, employees, heirs, personal representatives, executors, successors, and assigns, and all those in active concert or participation with it, from:

    a. imitating, copying, or making any unauthorized use of the Wilson Design, or any predecessors or derivatives thereof in any manner, and from publishing, distributing, selling, advertising, marketing, building, constructing or otherwise disposing of any copies or derivatives of the Wilson Design, and predecessors or derivatives thereof;

    b. manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction,

counterfeit, copy, derivative, or colorable imitation of the Wilson Design without appropriate license from Wilson, and any predecessors or derivatives thereof; <u>and</u>

   c. using any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Wilson Design without appropriate license from Wilson, or any predecessors or derivatives thereof, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product or service.

  2. Direct these defendants to deliver up to be impounded during the pendency of this action under 17 U.S.C. § 503 all copies or derivatives of the Wilson Design, or of any predecessors or derivatives thereof in these defendants' possession or under these defendants' control and to deliver up for destruction those designs and all infringing copies and all devices used for making such infringing copies, including any shirts that have been made in violation of Wilson's copyrights.

  3. Direct these defendants to pay Wilson such damages as the jury determines Wilson has sustained in consequence of these defendants' infringing Wilson's copyrights, and to account for and pay Wilson damages for all gains, profits, and advantages derived by defendants by their infringements of Wilson's copyrights under 17 U.S.C. § 504(b), or at Wilson's election, statutory damages under 17 U.S.C. § 504(c), which permits a recovery of up to $150,000 for infringement of each copyrighted work, in the event the jury determines willful infringement by these defendants.

  4. Direct these defendants to pay Wilson's costs of this action and his reasonable attorney's fees allowable to Wilson by the Court under 17 U.S.C. § 505.

5. Award to Wilson such other and further relief as the Court may consider appropriate.

6. Wilson requests a jury trial as to all matters other than the equitable remedies sought herein.

Respectfully submitted,

s/ Meliah Bowers Jefferson

Meliah Bowers Jefferson (D.S.C. No. 10018)
WYCHE P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, South Carolina  29602-0728
Telephone:  (864) 242-8200
Facsimile:   (864) 235-8900
E-Mail:        mjefferson@wyche.com

Date:  December 8, 2015                    ATTORNEYS FOR PLAINTIFF

8