IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James A. Wilson, | ) | C/A No.: 3:15-4862-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| National Bikers Roundup Inc.; | ) | |
| Columbia, SC Roundup Committee; | ) | |
| Rozell Nunn, d/b/a R&R Enterprise and | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action asserting claims of copyright infringement by defendants. [ECF No. 1]. The Clerk of Court issued the summons on December 8, 2015. [ECF Nos. 4–6]. On February 3, 2016, Rozell Nunn filed a pro se answer on his own behalf and purportedly on behalf of National Bikers Roundup Inc. ("NBR"), and R&R Enterprise. [ECF No. 16].

It is well-established that a corporate entity cannot appear pro se and must be represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

1

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted); *see also Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

Accordingly, NBR is directed to retain counsel and to file an answer or other responsive pleading to the complaint by March 4, 2016. If NBR fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading by March 4, 2016, it may be subject to an entry of default judgment against it.

Additionally, Nunn is directed to respond to this order by February 19, 2016, indicating whether R&R Enterprise is a sole proprietorship or whether it is a corporate entity, such as a corporation, limited liability corporation, or partnership. Nunn and R&R Enterprise are specifically advised that if R&R Enterprise is a corporate entity, it must also retain counsel by March 4, 2016, or be subject to an entry of default against it.

Nunn is also directed to complete, sign, and return, by March 4, 2016, the attached Pro Se Party's Answers to Rule 26.01 Interrogatories. Nunn is further ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) of any address change, to assure that orders or

2

other matters that specify deadlines are received.  Failure to comply with this order may

result in an entry of judgment against him.

       IT IS SO ORDERED.

*Shiva V. Hodges*

February 5, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge