IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James A. Wilson, | ) | C/A No.: 3:15-4862-MGL-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| National Bikers Roundup Inc., Columbia SC Roundup Committee, Rozell Nunn d/b/a R&R Enterprise and Rozell Nunn, individually, Albert Butler, and Sheldon Mickens, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter comes before the court on the motions of James A. Wilson ("Plaintiff") (1) for summary judgment against Rozell Nunn d/b/a R&R Enterprise ("R&R") and in his individual capacity ("Nunn") [ECF No. 38]; and (2) motion for default judgment against National Bikers Roundup, Inc. ("NBR"), and Columbia SC Roundup Committee ("CRC") [ECF No. 37]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Because the motions for summary judgment and default judgment are dispositive, this report and recommendation is entered for the district judge's consideration.

For the reasons that follow, the undersigned recommends the district court grant the motions.

1

I.   Factual and Procedural Background

Plaintiff initially filed this action against NBR, CRC, R&R, and Nunn ("Defendants") on December 8, 2015, to recover damages arising from the sale at a motorcycle festival held in Darlington, South Carolina, on August 5, 2015 ("Festival"), of shirts that included infringements of Plaintiff's graphic designs. Compl. ¶¶ 10–30 (ECF No. 1). Specifically, Plaintiff asserts a copyright for a graphic design (the "Wilson Design") that was used on the shirts without his permission. *Id.* ¶¶ 16, 25–26, 28–30; [ECF Nos. 1-1, 1-2]. Together with his complaint, Plaintiff submitted Registration Certificate No. VA 1-976-227 issued by the United States Copyright Office on October 28, 2015, for the Wilson Design ("Certificate"). [ECF No. 1-3].

Plaintiff alleges Nunn was the owner and operator of R&R and was an integral part of organizing and planning the Festival, including having been involved in NBR's and CRC's process of approving items for Festival souvenirs. *Id.* ¶¶ 8, 18. Plaintiff states that, in preparation for the Festival, NBR and CRC sought a graphic design for Festival souvenir items, including for the sale of 7,500 shirts with an anticipated revenue of $120,000. *Id.* ¶ 15; Wilson Aff. ¶¶ 3–5 (ECF No. 38-4). Plaintiff states he submitted the Wilson Design in a proposal to NBR and CRC and was informed that it had been selected for use on the souvenirs. *Id.* ¶¶ 16–19. Plaintiff states that NBR and CRC then reversed their position and told him that they would not need his services in producing the souvenir shirts or in using his design. *Id.* ¶¶ 19–21. Plaintiff alleges NBR and CRC nevertheless contracted with Nunn and R&R to produce and sell shirts at the Festival that

included prominent elements of the Wilson Design. *Id.* ¶¶ 22–23; Answer of Nunn (ECF No. 16) ("I only printed what South Carolina Roundup Committee as [sic] to be printed.").

Plaintiff filed and served this lawsuit on CRC on December 17, 2015, and on NBR and R&R and Nunn on December 10, 2015. [ECF Nos. 8–11]. On February 3, 2016, Nunn filed a *pro se* answer to the complaint. [ECF No. 16].[1] Nunn's answer was purportedly filed on behalf of NBR, R&R, and Nunn individually. The court issued an order directing NBR and R&R, if a corporate entity, to retain counsel to represent them or be subject to default judgment. Nunn advised the court by filing dated February 22, 2016, that R&R "was once done in sole proprietorship business but is no longer in business." [ECF No. 25].[2] Despite the court's extensions, NBR and CRC have not had counsel represent their interests in this litigation. The Clerk of Court entered default against CRC on February 5, 2016 [ECF No. 23], and against NBR on April 7, 2016 [ECF No. 30].

Plaintiff now seeks default judgment pursuant to Fed. R. Civ. P. 55 against NBR and CRC [ECF No. 37] and summary judgment pursuant to Fed. R. Civ. P. 56 against R&R/Nunn [ECF No. 38]. In each motion, Plaintiff requests an award of statutory

---

[1] The undersigned notes that minutes before this report was docketed, Zandra Lynn Johnson filed a notice of appearance on behalf of Nunn. [ECF No. 56]. Such appearance does not affect the substance of this report.

[2] Courts have recognized that a sole proprietorship has no legal existence apart from its owner and that an individual owner may represent his sole proprietorship in a pro se capacity. *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, n.4 (4th Cir. 2007) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)).

damages, attorneys' fees and costs, as well as a permanent injunction to prevent defendants from further infringing his copyrights.

On December 5, 2016, the court advised Nunn, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the summary judgment procedures and the possible consequences if he failed to respond adequately to Plaintiff's motion by January 4, 2017. [ECF No. 39]. After Nunn failed to respond to the motion for summary judgment, the undersigned issued another order on January 12, 2017, directing him to advise the court by January 26, 2017, whether he opposed Plaintiff's motion and to identify the legal grounds for his opposition. [ECF No. 41]. Nunn filed the following one-paragraph response on January 26, 2017:

> I Rozell Nunn Jr. National Bikers Roundup Inc. did not do any copyright infringements on any design that James A. Wilson said he did the design. I Rozell Nunn Jr. only had a design that Columbia south Carolina ask me to get printed for them who was ask by Albert Butler SC Chairmain and Sheldon Mikens SC CoChairman. I was told by these two that Sheldon Mickens had been in charge of how the design was done. I Rozell Nunn Jr, National Bikers Roundup Inc., or R and R enterprise do not owe James A Wilson any money for a design. National bikers Round have steps be fore and one can do a design for the NBR feeling out paper work for all who wish to do a design this has to be do be for anyone can draw print or try to use the trademark of National bikers roundup Inc. there is no record of James A. Wilson having permission in writing do do so on any design. The planiff James A. Wilson is asking money from the wrong parties he named. The Planiff motion should be denied. I am denning I did any thing wrong.

[ECF No. 43] (errors in original). Having considered the motions and the record in this case, the undersigned recommends that they be granted.

II.  Discussion

   A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the rules, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

   B.  Analysis

To prevail on an action for copyright infringement, "a plaintiff must show first that he owned the copyright to the work that was allegedly copied, and second, that the defendant copied protected elements of the work." *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001). Copying may be shown by direct evidence or

circumstantial evidence. If the plaintiff relies on circumstantial evidence, the "plaintiff may prove copying by circumstantial evidence in the form of proof that the alleged infringer had access to the work and that the supposed copy is substantially similar to the author's original work." *Id*. at 353–54.

It is undisputed that Plaintiff owns the Wilson Design. Copyright registration certificates issued by the United States Copyright Office enable an author to verify to others his ownership of a work. Barring a showing of a certificate's invalidity, pursuant to 17 U.S.C. § 410(c), the document represents *prima facie* evidence that Plaintiff owns a valid copyright to a work. *See Serv. and Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 688 (4th Cir. 1992) (certification of copyright is "prima facie evidence of the validity of the copyright"). The allegations of the Complaint against NBR and CRC are deemed admitted because NBR and CRC defaulted on their obligations to defend the litigation. In his response to the Complaint, Nunn admits that he produced the shirts as requested by NBR and CRC. *See* ECF No. 16 ("I only printed what South Carolina Roundup Committee as [sic] to be printed."). Nunn's admission of printing the t-shirts that reflect elements of the Wilson Design demonstrates infringement. Therefore, Defendants are all liable for copyright infringement as a matter of law.

<u>Statutory damages for copyright infringement</u>

The Copyright Act encourages registration, which then allows copyright holders to seek statutory damages in situations such as the present one where the apportionment of damages under § 504(b) becomes complex or relief is unavailable. In this case, Plaintiff

6

failed to register his copyright prior to the infringement and is therefore limited in the damages that he may seek—only actual damages and infringer's profits pursuant to § 504(b). *Dash v. Mayweather*, No. 3:10-CV-1036-JFA, 2012 WL 1658934, at *4 (D.S.C. May 11, 2012), *aff'd*, 731 F.3d 303 (4th Cir. 2013).

Nevertheless, Plaintiff argues that because he does not seek damages in an amount certain, the court must ascertain the amount of damages to award. *Ahava (USA), Inc. v. J.W.G., Ltd.*, 286 F. Supp. 2d 321, 323-24 (S.D.N.Y. 2003). Plaintiff argues he has been denied the opportunity to conduct discovery to determine the full extent of Defendants' infringement and the amount of actual damages he has suffered based on Defendants' profits. Therefore, Plaintiff argues that the court should award him statutory damages available under the Copyright Act as a sanction for Defendants' failures to participate in this litigation. *See Update Art Inc. v. Modin Publ'g, Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988) (upholding the imposition of damages as a sanction for a discovery order violation and noting that the calculation of damages was just where the information defendants failed to provide went to the issue of damages); *Sara Lee Corp. v. Bags of N.Y., Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999) (awarding statutory damages after defendants failed to appear and defend).

The Copyright Act has a provision authorizing an award of statutory damages in lieu of actual damages. Statutory damages are provided under the Copyright Act for up to $30,000 per copyright violation, whether willful or not, and enhanced damages up to

$150,000 per copyright if the infringement is willful. 17 U.S.C. § 504(c). Statutory damages are fitting in default judgment cases due to infringer nondisclosure. *See Sara Lee Corp.,* 36 F. Supp. 2d at 165; *see also Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003); *Lorillard Tobacco Co. v. Montrose Wholesale Candies and Sundries, Inc.*, No. 03 C 5311 & 4844, 2007 WL 2580491, at *2 (N.D. Ill. Sept. 10, 2007) (statutory damages were "particularly appropriate" in a case where default was granted as a Rule 37 sanction after defendants' pervasive discovery abuse).

The amount of statutory damages awarded to a plaintiff within the range provided does not depend on actual damages. Courts have held that even where there are no actual damages, or only nominal damages to the plaintiff, a plaintiff may nevertheless recover enhanced statutory damages because of the difficulty in proving actual damages and the policy favoring deterrence of infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990) (statutory damages appropriate regardless of proof of actual damages or defendant's profits); *Wilson Corp. v. Tierra Computer, Inc.,* 184 F. Supp. 2d 1329, 1333 (N.D. Ga. 2001) (rejecting defendant's argument that plaintiff must prove actual damages before it can recover statutory damages); *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 496 (4th Cir. 1996) (upholding an award of maximum statutory damages in a case where the plaintiff argued that the defendant established no actual damages). "Statutory damages have been made available to plaintiffs in infringement actions precisely because of the difficulties inherent in

proving actual damages and profits, as well as to encourage vigorous enforcement of the copyright laws." *Sara Lee Corp.*, 36 F. Supp. 2d at 165-66.

### Maximum amount of statutory damages for willful infringement

A court may infer that a defendant's infringement is willful from the defendant's failure to defend. *See Tiffany*, 282 F. Supp. 2d at 124 ("By virtue of the default, the [defaulting party's] infringement is deemed willful."). In addition to this inference, it appears that the infringement was willful. Defendants appear to have consciously decided to solicit and use Plaintiff's design without his permission for profit.

To sanction Defendants for their willful infringement, and to deter them and others from future infringing behavior, the undersigned recommends granting Plaintiff's request for the maximum statutory damages of $150,000. *See Getty Images (US), Inc. v. Virtual Clinics,* No. C13–0626JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014) (awarding maximum statutory damages for the willful infringement of two photographs); *Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 WL 6179182 (E.D. Pa. Nov. 25, 2013) (awarding maximum statutory damages for infringement of a literary work); *Graduate Mgmt. Admission Council v. Raju,* 267 F. Supp. 2d 505, 511 (E.D.Va.2003) (finding maximum statutory damages appropriate for willful infringement of test forms).

### Permanent injunction

Plaintiff also seeks a permanent injunction to prevent any future infringement of his copyright. The Copyright Act permits the issuance of permanent injunctions to prevent future violations. 17 U.S.C. § 502(a). "[W]hen a claim of copyright infringement

has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered." *M.L.E. Music v. Kimble, Inc.*, 109 F. Supp. 2d 469, 472–73 (S.D.W.Va. 2000). The Copyright Act permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Where, as here, the willful and unauthorized use of Plaintiff's copyright was for commercial gain, a likelihood of future harm may be presumed. *Nat'l Football League v. McBee & Burno's Inc.*, 792 F.2d 726, 729 (8th Cir. 1986) (*citing Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984)). "Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is in the interest in upholding copyright protections." *Arista Records, Inc.*, 298 F. Supp. 2d at 1314 (internal quotations omitted). "Courts also regularly issue injunctions as part of default judgments." *Id.*

The undersigned recommends the Court grant Plaintiff's request for a permanent injunction prohibiting Defendants further copying, use, or distribution of the Wilson Design and requiring destruction of any shirt, souvenir, data file, or other materials containing the Wilson Design.

Attorneys' fees and costs

The Copyright Act authorizes the court to award Plaintiff his reasonable costs and attorneys' fees. 17 U.S.C. § 505. The Copyright Act authorizes an award of costs and attorneys' fees to the prevailing party and such are awarded pursuant to the court's discretion. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) (prevailing party fees are to be

awarded pursuant to the court's discretion); *see also Jasperilla Music Co., M.C.A., Inc.*, 837 F. Supp. at 162 ("[Awards of] attorneys' fees in copyright actions are 'the rule rather than the exception.'"). In this case, in light of the willfulness of defendants' infringement and their failure to properly defend, an award of attorneys' fees and costs is warranted.

Plaintiff submits the declaration of counsel in support of his request for reasonable attorneys' fees and costs he incurred in prosecuting this action against Defendants in the amount of $12,500. [ECF No. 38-2, ¶¶ 7–9).

In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Jackson v. Estelle's Place, LLC*, No. 09-1700, 2010 WL 3190697, *4 (4th Cir. Aug. 12, 2010). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case.

"[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Civ. Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Civ. Rule 54.02(A) (D.S.C.).

The information Plaintiff provided, coupled with the court's knowledge of rates in work of this type in this district, supports the $12,500 in fees submitted on behalf of Plaintiff. Based on the information and supporting documents before the court, the undersigned recommends that judgment against defendant include an award of costs and attorneys' fees in the amount of $12,500.

III. Conclusion and Recommendation

The undersigned recommends summary judgment be entered against defendant and that they be found liable for willful violation of Plaintiff's copyright in the Wilson Design. As a result of such violation, the undersigned recommends Plaintiff be awarded judgment against Defendants for $12,500 in attorneys' fees and $150,000 in statutory and enhanced damages. Thus, the total recommended monetary award is $162,500. It is

recommended that this judgment be made joint and several against the Defendants collectively.³

    IT IS SO RECOMMENDED.

May 12, 2017　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

³ The undersigned notes that because not all claims against all parties have been adjudicated in this action, any judgment is final. *See* Fed. R. Civ. P. 564.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).