

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES A. WILSON, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 3:15-04862-MGL-SVH | |
| § | | |
| NATIONAL BIKERS ROUNDUP, INC.; § | | |
| COLUMBIA SC ROUNDUP COMMITTEE; § | | |
| ROZELL NUNN d/b/a R&R Enterprise and § | | |
| Rozell Nunn, individually; ALBERT § | | |
| BUTLER; and SHELDON MICKENS, § | | |
| Defendants. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT AND SUMMARY JUDGMENT**

Plaintiff James A. Wilson (Plaintiff) filed this case as copyright infringement action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting (1) Plaintiff's motion for default judgment against Defendants National Bikers Roundup, Inc. (NBR) and Columbia SC Roundup Committee (CRC) be granted; (2) Plaintiff's motion for summary judgment against Defendant Rozell Nunn d/b/a R&R Enterprise (R&R) and in his individual capacity (Nunn) be granted; and (3) Plaintiff's request for a permanent injunction against Defendants be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on May 12, 2017, Nunn filed his objections to the Report on June 5, 2017, and Plaintiff filed his reply on June 19, 2017. The Court has reviewed Nunn's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

As an initial matter, neither NBR nor CRC filed objections to the Magistrate Judge's recommendation Plaintiff's motion for default judgment be granted as to them. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Having carefully reviewed the Report, the Court holds there is no clear error on the face of the record, and the Court

therefore adopts the Report as it pertains to NBR and CRC and will grant Plaintiff's motion for default judgment.

Turning now to Nunn's objections, Nunn argues the Magistrate Judge erred in recommending Plaintiff's motion for summary judgment be granted and contests the Magistrate Judge's suggestion the Court award maximum statutory damages. Nunn avers maximum statutory damages are inappropriate here because he alleges a lack of willfulness on his part. Nunn states he consistently and expressly denied any knowledge the design provided belonged to Plaintiff or that he lacked permission to print the design and points to his pro se answer in support. The Court is unable to agree.

In Nunn's objections, he fails to provide any evidentiary support for his opposition to Plaintiff's motion for summary judgment. Rather, Nunn merely relies on the denials contained in his responsive pleadings. It is well-established once the party seeking summary judgment has shown summary judgment to be appropriate, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here, Nunn utterly fails to present anything beyond mere allegations or denials in opposition to Plaintiff's motion for summary judgment. Therefore, the Court will overrule Nunn's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Nunn's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's motion for default judgment as to NBR and CRC is **GRANTED** and Plaintiff's motion for summary judgment against R&R and

Nunn is **GRANTED**. Further, the Court holds Defendants liable for willful violation of Plaintiff's copyright in the Wilson Design. As a result of such violation, the Court **AWARDS** Plaintiff judgment against Defendants for $12,500 in reasonable attorneys' fees and $150,000 in statutory and enhanced damages, for a total monetary award of $162,500. This judgment shall be made joint and several against Defendants collectively.

In addition, it is the judgment of the Court Plaintiff's request for a permanent injunction is **GRANTED**. Defendants are hereby prohibited from further copying, use, or distribution of the Wilson Design and are required to destroy any shirt, souvenir, data file, or other materials containing the Wilson Design.

**IT IS SO ORDERED**.

Signed this 20th day of June, 2017, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE