IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James A. Wilson, | ) | C/A No.: 3:15-4862-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| National Bikers Roundup Inc., | ) | ORDER |
| Columbia SC Roundup Committee, | ) | |
| Rozell Nunn d/b/a R&R Enterprise and | ) | |
| Rozell Nunn, individually, Albert | ) | |
| Butler, and Sheldon Mickens, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion [ECF No. 72] of James A. Wilson ("Plaintiff") for a default judgment against defendant Albert Butler ("Butler"). The motion is accompanied by the affidavit of Meliah Bowers Jefferson, attorney for Plaintiff. The docket reflects that Butler was served on March 8, 2017 [ECF No. 54], and he has failed to appear or plead in the case.

Pursuant to Rule 55(a), Fed. R. Civ. P., "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The clerk first entered default against Butler on May 15, 2017. [ECF No. 58]. Default having been entered against Butler, he is deemed to have admitted the factual allegations of the complaint against him. All that remains is assessing the amount of damages against Butler. By its motion, Plaintiff asks that judgment be entered against Butler for $150,000

in statutory damages and $10,000 in attorney's fees and costs. Defendant Butler has until December 4, 2017, to file a response in opposition to Plaintiff's motion for default judgment. If Butler fails to respond substantively and adequately, the court may grant the motion and enter default judgment against him in the amount requested in Plaintiff's motion. Butler's filing in opposition to the motion should be titled "Response to Motion for Default Judgment."

    IT IS SO ORDERED.

November 3, 2017                            Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

# Federal Rule of Civil Procedure 55. Default; Default Judgment

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

>**(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>**(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>>**(A)** conduct an accounting;
>>**(B)** determine the amount of damages;
>>**(C)** establish the truth of any allegation by evidence; or
>>**(D)** investigate any other matter.

**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

**(d) Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.