

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES A. WILSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:15-04862-MGL |
| | § | |
| NATIONAL BIKERS ROUNDUP INC.; | § | |
| COLUMBIA SC ROUNDUP COMMITTEE; | § | |
| ROZELL NUNN, d/b/a R&R Enterprise; | § | |
| ROZELL NUNN, individually; ALBERT | § | |
| BUTLER; and SHELDON MICKENS, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AS MODIFIED,
AND GRANTING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT AND SUMMARY JUDGMENT**

On December 8, 2015, Plaintiff James A. Wilson (Plaintiff) filed this copyright infringement action against Defendants National Bikers Roundup Inc. (NBR), Columbia SC Roundup Committee (CRC), Rozell Nunn, d/b/a R&R Enterprise (R&R), and Rozell Nunn, individually (Nunn). ECF No. 1. On February 10, 2017, Plaintiff filed a motion to amend complaint seeking to add Albert Butler (Butler) and Sheldon Mickens (Mickens) as Defendants. ECF No. 48. The Court granted that motion, ECF No. 49, and Plaintiff filed his amended complaint, ECF No. 51.

In an Order entered June 20, 2017, ECF No. 67, this Court adopted a Report and Recommendation filed May 12, 2017, ECF No. 57. That Order granted Plaintiff's motion for default judgment as to NBR and CRC, and granted Plaintiff's motion for summary judgment as to

R&R and Nunn.  ECF No. 67.  The Court held NBR, CRC, R&R, and Nunn liable for willful violation of Plaintiff's copyright in the Wilson Design and awarded Plaintiff $150,000 in statutory and enhanced damages, and $12,500 in attorneys' fees against NBR, CRC, R&R, and Nunn; the total judgment of $162,500 was made joint and several against those Defendants collectively.  *Id.*  Further, the Order granted Plaintiff's request for a permanent injunction; NBR, CRC, R&R, and Nunn were prohibited from "further copying, use, or distribution of the Wilson Design, and [were] required to destroy any shirt, souvenir, data file, or other materials containing the Wilson Design."  *Id.* at 4.  The Order did not address Defendants Butler and Mickens.

The matter is now before the Court for review of the second Report and Recommendation (Report) of the United States Magistrate Judge.  Defendants Butler and Mickens are proceeding pro se.  The Report suggests:

(1) Plaintiff's motion for default judgment against Butler be granted;

(2) Plaintiff's motion for summary judgment against Mickens be granted;

(3) summary judgment be entered against Defendants NBR, CRC, R&R, Nunn, Butler, and Mickens (collectively Defendants), and Defendants be found liable for willful violation of Plaintiff's copyright in the Wilson Design;

(4) Plaintiff be awarded $150,000 in statutory and enhanced damages against Defendants, and judgment be made joint and several against Defendants collectively;

(5) Plaintiff's request for a permanent injunction be granted, and Butler and Mickens be permanently enjoined from further copying, use, or distribution of the Wilson Design, and be required to destroy any shirt, souvenir, data file, or other materials containing the Wilson Design; and

2

(6) Plaintiff be awarded $10,000 in attorneys' fees against Butler and Mickens, jointly and severally.

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on February 26, 2018. ECF No. 81. Mickens filed objections to the Report on March 23, 2018, ECF No. 86, and Plaintiff replied on April 6, 2018,

ECF No. 88. The Court recognizes Mickens failed to timely file his objections. However, the Court excuses this untimeliness, and has reviewed Mickens' objections. Mickens' objections are without merit. Therefore, the Court will enter judgment accordingly.

As a preliminary matter, the Report recommends summary judgment be entered as to Defendants, and Defendants be found liable for willful violation of Plaintiff's copyright in the Wilson Design. However, because some Defendants are subject to default judgment, and other Defendants are subject to summary judgment, the Court **MODIFIES** the Report to recommend judgment be entered as to Defendants, and Defendants be found liable for willful violation of Plaintiff's copyright in the Wilson Design.

Mickens argues the Magistrate Judge erred in recommending Plaintiff's motion for summary judgment be granted, and contests the Magistrate Judge's suggestion the Court award Plaintiff damages against Mickens. Mickens first avers there was no infringement because the copyright allegedly infringed upon was not registered until October 28, 2015, but the event where infringement purportedly occurred happened in August, 2015. Mickens further advances he should not be liable for any infringement because he did not select the design used and did not profit from the sales at issue.

Regarding Mickens' claim there was no infringement because the copyright was not registered until after the alleged infringement occurred, the Court notes Mickens—who was then represented by counsel—failed to respond to Plaintiff's motion for summary judgment. As a result, the Court may properly consider undisputed Plaintiff's assertions he owned a valid copyright in the Wilson Design, and Mickens infringed upon that copyright. *See* Fed. R. Civ. P. 56(e)(2).

4

Regarding Mickens' claims he should not be liable for any purported infringement, Mickens fails to provide any evidentiary support for his claims. Rather, he merely denies liability, and claims he could show evidence he should not be held responsible. It is well established once the party seeking summary judgment has shown summary judgment to be appropriate, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here, Mickens utterly fails to present anything beyond mere allegations or denials in opposition to Plaintiff's motion for summary judgment. Therefore, the Court will overrule Mickens' objections.

Butler neglected to file objections to the Magistrate Judge's Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Having carefully reviewed the Report, the Court holds there is no clear error on the face of the record, and the Court therefore will adopt the Report as it pertains to Butler.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Mickens' objections, adopts the Report as modified above, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's motion for default judgment as to Butler is **GRANTED,** and Plaintiff's motion for summary judgment against Mickens is **GRANTED**. Further, the Court enters judgment against Defendants, and holds

Defendants liable for willful violation of Plaintiff's copyright in the Wilson Design. As a result of such violation, the Court **AWARDS** Plaintiff judgment against Defendants in the amount of $150,000 in statutory and enhanced damages; that judgment is made joint and several against Defendants collectively. The Court also **AWARDS** Plaintiff $10,000 in attorneys' fees against Butler and Mickens, jointly and severally.

In addition, it is the judgment of the Court Plaintiff's request for a permanent injunction is **GRANTED**. To prevent Butler and Mickens from further infringing upon Plaintiff's copyright in the Wilson Design, Butler and Mickens are hereby prohibited from further copying, use, or distribution of the Wilson Design, and are required to destroy any shirt, souvenir, data file, or other materials containing the Wilson Design.

To summarize, the joint effect of the Court's June 20, 2017 Order, ECF No. 67, and this Order is:

(1) to grant Plaintiff default judgment as to NBR, CRC, and Butler;

(2) to grant Plaintiff summary judgment as to R&R, Nunn, and Mickens;

(3) to enter judgment against Defendants, and hold Defendants liable for willful violation of Plaintiff's copyright in the Wilson Design;

(4) to award Plaintiff $150,000 in statutory and enhanced damages against Defendants as a result of Defendants' violation of Plaintiff's copyright; the judgment is made joint and several against Defendants collectively;

(5) to award Plaintiff $12,500 in attorneys' fees against NBR, CRC, R&R, and Nunn, jointly and severally;

(6) to award Plaintiff $10,000 in attorneys' fees against Butler and Mickens, jointly and severally;

(7) to permanently enjoin Defendants from further copying, use, or distribution of the Wilson Design, and to require Defendants to destroy any shirt, souvenir, data file, or other materials containing the Wilson Design in order to prevent Defendants from further infringing upon Plaintiff's copyright in the Wilson Design; and

(8) to dismiss with prejudice Mickens' counterclaims against Plaintiff.

**IT IS SO ORDERED**.

Signed this 27th day of April, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.